## Case No. 753.

### In re BAILY.

[2 Ben. 437;[1] 1 N. B. R. 613, (Quarto, 177.)]

District Court, S. D. New York. May, 1868.

VOLUNTARY BANKRUPTCY — FILING PETITION — PLACE OF BUSINESS.

Where a bankrupt did not reside in the southern district of New York during the next six months preceding the filing of his petition, but, before his insolvency, had been in business in New York city, and had, during the whole of the said six months, carried on business in New York city as the agent and attorney of his brother, in buying and selling merchandise, keeping an office for that purpose with his brother's name upon the sign; *Held*, that the petition in bankruptcy was properly filed in the southern district of New York.

In bankruptcy. In this case the petition was filed on February 29th, 1868, and set forth that the petitioner [Tattnall Baily] had carried on business for six months, next immediately preceding the filing thereof, at the city of New York. A paper was afterward filed with the register by the bankrupt's attorney, declaring that the bankrupt did not reside within the southern district of New York during any part of the six months aforesaid; that for some time before his insolvency, he carried on business, on his own account, in the city of New York, and from that time to the filing of his petition, and during the whole of the said six months, had been carrying on business as the agent and attorney of his brother, in buying and selling merchandise, keeping an office for that purpose in the city of New York, with his broth-

[1] [Reported by Robert D. Benedict. Esq., and here reprinted by permission.]

er's name upon the sign, and well known to those who had dealings with him as so carrying on business at that office, the business having been done under a power of attorney and for a compensation of one half of the profits.

[The register certified to the court the question, whether the bankrupt was carrying on business in the southern district of New York, within said six months, giving it as his opinion that he was, and distinguishing this case from the case of In re Maggie, Case No. 8,951.]

[1] BY THE REGISTER. I am of opinion that he was. He was not carrying on business on his own account, but was the clerk of his brother, and yet it seems to me this is the proper answer. I submit the question with careful consideration in view of the decision of this court in Re Magie, [Case No. 8,951,] upon the certificate of Mr. Register Dwight, and in the belief that this conclusion is supported by the reasoning in that case of the register, and by the authority cited by the judge.

The bankrupt act of 1841 [5 Stat. 440] directed all petitions by any bankrupt, &c., to be filed in the district court of the district where the bankrupt shall reside, or have his place of business, at the time of filing such petition.

The act of 1867 [13 Stat. 517] requires the petition to be filed in the judicial district where the debtor has resided, or carried on business, for the six months next immediately preceding the time of filing such petition.

The petitioner, Magie, "was formerly in business for himself at Chicago, and has been engaged in looking after a personal matter since he came from Chicago, with an intent of returning there. He had been engaged as a book-keeper for a firm in New York city since January 1, 1868. Before that, and from October, 1867, he had been engaged in keeping books for another firm in New York city." He resided with his father in New Jersey.

Mr. Register Dwight, in this case, was of opinion that "the law intended to confer jurisdiction on those courts only where the petitioner would be known publicly as a resident and citizen, or where he had such business relations with the public generally as would equally cause him to be known," and he denied adjudication.

His honor, Judge Blatchford, thought the register correct in his decision, and that the principles laid down by this court in Re Kinsman, [Case No. 7,832,] in reference to a kindred provision in the bankrupt act of 1841, made it improper for the court to assume jurisdiction in this case.

In the case cited, the bankrupt lived with his family in Philadelphia, and between the first and the middle of March, 1842, he came to the city of New York, employed as agent

for a machinist, and took board at a public hotel. He was superintending the erection of a building for manufacturing lead, and he described himself in his petition as "agent for machinist." The petition was presented on the 22d of March. If he arrived in New York on the 7th, he had been a fortnight there when he presented his petition; and nothing in the case showed he was there afterwards. The court said:

"To a certain sense the place of the most transient stoppage, a mere purchase, a bargain made by a man on his transit through a place, would render it for the time being his place of business.

"A fugitive or equivocal occupation, that may continue for a long period, or may terminate instantaneously, without any outward indications to mark its continuance or character, will not be sufficient to satisfy this provision of the law.

"More must be shown. It must appear that he has a fixed and notorious employment, pursued by him in such manner as to denote a place of business established by him, distinct from his place of residence."

It appears to me that this authority does not sustain the doctrine, which is supposed to be established without any qualification by the decision in the Case of Magie, [supra,] that where a bankrupt resides in one judicial district, and is employed as a clerk in another, he, therefore, cannot be heard as a petitioning debtor in the latter district. For it is well known that bankrupts, known to be such, cannot "carry on business" upon their own account. The very object of the bankrupt act is to liberate the honest and unfortunate debtor from a state of subjection and poverty, so that his enterprise and industry may be allowed full scope, for the equal benefit of the community and himself and his family. A trader doing business on his own account may indeed be a voluntary petitioner for discharge from his debts, or, under the provisions of the present law, he may for any act specified by the law be forced into bankruptcy; but, in the great number of cases of voluntary bankruptcy, the petitioner will be found to have been for some time, and, perhaps, for a long time, in some subordinate employment. And, I think, the act of congress contemplates such cases as being those where the petitioner "has carried on business" at the place where that employment was had. The speeches made in congress in support of the bill, and especially those of the Hon. Mr. Jenckes, of Rhode Island, chiefly able and influential in preparing it and securing its passage, show this. Judge Betts, in the Case of Kinsman, [supra,] uses this word "employment," and contrasts what is, as we commonly say, permanent employment, with a mere bird of passage, alighting at a hotel to superintend as "agent of machinist" some rising structure, such as the machinist may put up in some given period of time in any part of an extensive country, sending his agent with a

---

[1] [Opinion of the register reprinted from 1 N. B. R. 614.]

carpet-bag to the hotel of the place, while he superintends it, and soon receiving him back again at the shop.

"Notorious" is a term of relative and not absolute signification as used here. The employment need not be absolutely notorious, else few could be brought within its meaning, but it must be notorious among those to whom the petitioner is known and with whom he associates in a social, or business way, and it is quite certain that many persons who are clerks, and no more than clerks, are in this sense "notoriously" employed as such, and that permanently, using the word with as much accuracy and fitness as it can be used with, in any application of it to human affairs.

As a matter of fact it is notorious (though not, indeed, universally known), that many persons who have been and are petitioning debtors in bankruptcy, residing in other judicial districts, are clerks in the city of New York, employed in well known houses, men of talent, extensive acquaintance, and large influence. And some of these men, though clerks, are much more widely known than some persons who do business on their own account, and have signs over their doors with their names on them.

Many petitions have been filed in the city of New York by clerks residing in other judicial districts, once traders on their own account; and it is too late to file new petitions elsewhere, and if it were not, they are unable to incur the expense of new procedure.

Under these circumstances, and with a strong impression of the correctness of the view here taken, and of its agreement with all the opinions expressed in the cases cited, and of the importance of a rehearing upon this question, I respectfully submit this paper to the consideration of the judge.

EDGAR KETCHUM, Register.

BLATCHFORD, District Judge. I am of opinion that the petitioner was carrying on business for the six months next immediately preceding the filing of his petition, in the southern district of New York, within the meaning of the eleventh section of the bankruptcy act.